IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NICK AGAPOV,** *et al.* | * |
| Plaintiffs | * |
| v. | *    **Case No: 8:23-CV-03191-ABA** |
| **PRINCE GEORGE'S COUNTY,** *et al.* | * |
| Defendants | * |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

The Defendants, by undersigned counsel, submit the following opposition to the Plaintiff's motion to compel discovery:

### I.    BACKGROUND

Sometime in 2019, and unbeknown to the Prince George's County Police, the FBI began investigating "Finn, Inc.", a security company owned by a Prince George's County Police Officer. Finn, Inc., provided security services to apartment complexes in the County using County Police Officers working as their secondary employment. The FBI was investigating for potential tax reporting violations and, during their investigation, noted what they thought might be "double dipping" by County Police Officers – working for Finn, Inc., while being paid by the County simultaneously. The FBI brought this to the attention of the County Police and it began to investigate the matter.

Following an investigation by several County Police Internal Affairs Officers, on August 25, 2022, Plaintiffs, current Prince George's County Police Officers, were indicted by the State's Attorney for Prince George's County, Maryland. The indictment charged them with allegedly stealing from the County by being paid while on duty and simultaneously working for a private

security company, Finn, Inc. (and providing services for it rather than the County). The decision to indict was exclusively the State's Attorney's, and it was done after reviewing evidence presented to it by the County Police. In January of 2023, the State's Attorney decided to dismiss the charges it brought against the Plaintiffs. Plaintiffs have also been charged by their department with administrative violations as a result of the same conduct. Those charges remain pending.

Plaintiffs espouse different theories as to how and why they came to be charged. They assert conspiracy theories the likes of which former Hollywood film producer Oliver Stone would be proud: That the County Executive, to save political capital, and in response to a high-profile lawsuit, colluded with the State's Attorney, the Executive's Inspector General, Chief of Police, and various high ranking police officials to specifically target the Plaintiffs. Alternatively, Plaintiffs allege that various officers within the department had person animus against them and sought to fabricate charges. Despite the simple legal issues presented by this case-whether there was probable cause for the charges brought by the State's Attorney and whether County Police withheld substantial information from the State's Attorney, lied or fabricated evidence, Plaintiff's nonetheless filed suit espousing these baseless theories. To engage in their fantasies, on February 20, 2024, Plaintiffs propounded a request for production of documents containing 64 documents requests, few of which addressed the simple issues presented by this case. The Defendant's response to these requests is accounted for in the following paragraphs.

**II.   DEFENDANTS' RESPONSE TO THE PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

The Defendants responded to the Plaintiff's document requests as follows:

1. On March 28, 2024, the Defendants responded to the Plaintiff's request for production of documents. The Defendants interposed objections to many requests citing generally the overbreadth of the requests, the undue burden presented by them, and

disproportionality given the simple issues presented by the case. Notwithstanding the objections, the Defendants further responded by providing 6,271 documents responsive to requests 1,5, 14, 17, 19, 20, 21, 27, 29, 33, 38, 39, 43, 45, 51, 53, 57, 61, 63 and 64. The Defendants advised that they had no documents responsive to requests 30, 40 and 60 (see Exhibit 1).

2. Following Plaintiff counsel's review of the discovery, on May 9, 2024, Plaintiff's counsel wrote to defense counsel a letter citing discovery deficiencies and requesting a meeting among counsel to resolve them.[1]

3. On Friday, June 21, 2024, counsel had an extensive teleconference to discuss the many deficiencies cited by Plaintiffs. Following the conference, the Defendants agreed to supplement various requests and Plaintiff's counsel agreed to provide a follow-up letter memorializing the agreement and the search terms to be used to conduct an extensive search for emails. No such letter has been received.

4. Undersigned counsel kept notes of the June 21, 2024, discovery deficiency conference and the document requests to be supplemented. On October 3, 2024, the Defendants provided the agreed upon supplemental discovery: Defendants forwarded to Plaintiff's counsel an additional 2,054 documents and 814 emails responsive to (the agreed upon) requests 1, 3, 6, 9, 10, 11, 12, 14, 18, 19, 15-31, 33, 39, 40, 52, 53, 54, and 55 (see Exhibit 2 - email with link to supplemental discovery). An email privilege log for 234 emails was also provided.

5. The Defendants agreed to supplement responses to requests 42, 44, 45 and 60 and are currently working to provide responses, which involves an email search. Defendants expect

---

[1] On April 26, 2024, the Defendants propounded interrogatories and document requests to the Plaintiffs. To date, no responses have been received.

to supplement these remaining requests within two weeks time, but note that they have yet to discover any list of employees who worked for Finn, Inc. (in response to requests 42 and 60).

### III.  ARGUMENT

The Court should deny Plaintiffs' motion to compel discovery. As the Court can see, the Defendants have worked in good faith to provide extensive discovery in response to Plaintiffs' discovery requests and continue to do so. The instant motion to compel is largely moot as a result of the October 3, 2024, production of documents by the Defendants, which were document searches and responses agreed upon by the parties. Moreover, many of the requests represent discovery that is not proportional to the needs of the case given the simplistic issues raised.

### IV.  CONCLUSION

For all of these reasons the Defendants request that the Court deny the motion to compel.

Respectfully submitted,

RHONDA L. WEAVER
COUNTY ATTORNEY

SHELLEY L. JOHNSON
DEPUTY COUNTY ATTORNEY

*Andrew J. Murray*
Andrew J. Murray #10511
Associate County Attorney
Prince George's County Office of Law
Wayne K. Curry Administration Building
1301 McCormick Drive, Suite 4100
Largo, Maryland 20772
Federal Bar No. 10511
Phone: (301) 952-3932
Fax: (301) 952-3071
AJMurray@co.pg.md.us

***Dwight D. Jackson***
Dwight D. Jackson #30945
Associate County Attorney
Prince George's County Office of Law
Wayne K. Curry Administration Building
1301 McCormick Drive, Suite 4100
Largo, Maryland 20774
Federal Bar No. 30945
Phone: (301) 952-3941
Fax: (301-952-3071
DDJackson@co.pg.md.us

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day October 2024, a copy of the foregoing was emailed to the following:

Ray M. Shepard, Bar No. 09473
The Shepard Law Firm, LLC
122 Riviera Drive
Pasadena, Maryland 21122
Email: Ray@Shepard.Law

***Andrew J. Murray***
Andrew J. Murray #10511